IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CR-131-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BRYAN JACKIE HARPER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's renewed motion to suppress. (DE 132). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), wherein it is recommended that defendant's motion be denied. (DE 141). Defendant timely objected to the M&R. (DE 142). In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is denied.

## STATEMENT OF THE CASE

Superseding indictment charging defendant with distribution of a quantity of cocaine and aiding and abetting, as well as possession with intent to distribute a quantity of heroin, 40 grams or more of a mixture and substance containing fentanyl, and a quantity of cocaine, was filed October 19, 2022. January 6, 2023, defendant renewed his motion to suppress, which prior motion was denied April 18, 2022, by order adopting the magistrate judge's M&R and overruling defendant's objections.

Defendant in his renewed motion again seeks suppression and exclusion of all evidence obtained or derived from the execution of state court orders for disclosure of cell phone and GPS data and a state court warrant to search defendant's person, vehicles, and residences at 719 Melba Court and 4752 Seahawk Court in Wilmington, North Carolina. Defendant also requests a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). The government responded in opposition, contending that the reasoning set forth in the court's adjudication of defendant's earlier motion continues to apply. Defendant replied.

M&R entered March 10, 2023, and defendant timely objected. Arraignment and trial are scheduled to commence July 17, 2023.

## STATEMENT OF FACTS

The court incorporates herein by reference the facts as more particularly set forth in the M&R. (M&R (DE 141) at 4). In brief summation, North Carolina Superior Court Judge George F. Jones ("Judge Jones") issued three orders and a search warrant in March 2020, all upon application by Detective B.D. Chisholm ("Chisolm") of the Wilmington, North Carolina, Police Department.

The first was an order authorizing use of a pen register and/or trap and trace device for a telephone number believed to be used by defendant ("PRTT Order"). Judge Jones thereafter issued orders authorizing installation of a global positioning system ("GPS") tracking device on a white 2013 Lincoln MKZ ("Lincoln GPS Order") and a green 2000 Ford F-150 ("Ford GPS Order") (collectively, the "GPS Orders"), where both vehicles were believed to have been used by defendant in connection with drug trafficking.

Lastly, Judge Jones issued a warrant to search the following for evidence of drug trafficking: 719 Melba Court, Apt. I, Wilmington, NC; 4752 Seahawk Square, Apt. B8,

Wilmington, NC; the Lincoln and Ford vehicles specified in the GPS Orders; any vehicle located within the curtilage of the Melba Court and Seahawk Square residences or within the dominion and control of persons located within said residences; and any outbuildings associated with said residences ("Warrant").

**COURT'S DISCUSSION**

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. Analysis

    1. Franks Hearing

Defendant contends in his objection that he is entitled to a Franks hearing on each order and search warrant because the supporting affidavit by Chisholm falsely states that a confidential informant made a controlled purchase of drugs from defendant, omitted mention of the confidential informant's criminal history, asserted without support that the confidential informant was reliable,

3

and attributed information to the confidential information where police reports indicate the information was obtained elsewhere.

These arguments all were addressed cogently in the M&R. (See M&R (DE 141) at 12-14). Defendant makes no new contentions in his objection, nor does he point to specific error in the magistrate's recommendation. Upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate judge's treatment of these issues and adopts her recommendations as its own.

    2.    Probable Cause

Defendant contends in his objection that without the false statement by affiant Chisholm attributing the identification of the green Ford F-150 and its plate number to the confidential informant, the Ford GPS Order lacked probable cause. This argument previously was raised and rejected by the court in the adjudication of defendant's first motion to suppress. See United States v. Harper, No. 7:20-CR-131-1FL, 2022 WL 1138032, at *4-6 (E.D.N.C. Apr. 18, 2022) (explaining how the confidential informant's reliability and credibility was corroborated and the nexus to both automobiles established). For the reasons there explained, the court again rejects defendant's argument.

Defendant also reasserts in his objection that Chisholm's affidavit fails to establish a nexus between defendant and the cell phone number listed in the PRTT Order. For the reasons already provided by this court, this objection too fails. See id. at *5 (concluding "based on the totality of circumstances including the role cell phones generally play in drug trafficking, the officers' successful arrangement of a meeting with defendant, the realistic means by which officers would have obtained the number (namely, the confidential informant), the affiant's identification of Verizon Wireless specifically as the subscriber, and description of the number as assigned to

defendant, the magistrate judge could reasonably infer a connection between defendant and the number identified").

Finally, defendant contends the Warrant also fails to set forth sufficient nexus for each of the residences. This argument too was addressed in detail by the court in its order denying defendant's first motion to suppress, and on the same basis there provided defendant's objection fails. See id. at *6 (summarizing direct and indirect evidence linking defendant's alleged criminal conduct with both residences).

3. Overbroad

Defendant in his objection argues that the "M&R fails to adequately consider the issue of the Warrant being overbroad," and again repeats the same arguments already considered and rejected therein, without directing the court to specific error made. (Def. Obj. (DE 142) at 3). Upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate judge's analysis and adopts her recommendations as its own.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R and DENIES defendant's renewed motion to suppress (DE 132).

SO ORDERED, this the 17th day of April, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge